a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GASTON CRAIG, Petitioner | CIVIL ACTION NO. 5:19-CV-593-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Gaston Craig ("Craig"). Craig is a pretrial detainee at the Caddo Correctional Center in Shreveport, Louisiana. Craig claims the charges against him should be dismissed.

Because Craig's claim is not exhausted, his Petition (Doc. 1) should be DISMISSED.

I. **Background**

Craig alleges that he was arrested on October 23, 2017, but no bill of information was filed until May 17, 2018. Craig also states that his motion to quash was wrongfully denied. (Doc. 1, p. 7). Craig seeks the dismissal of the charges pending against him. (Doc. 1, p. 15).

II. **Law and Analysis**

Craig filed this action under § 2254. However, a pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) (construing petition filed to

seek release from pending state criminal proceeding as brought under § 2241 rather than § 2254); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); Montes v. Cornyn, 4:02-cv-790, 2002 WL 31495972, at *2 (N.D. Tex. Nov. 5, 2002). Thus, this Court construes Craig's Petition as seeking relief under § 2241.

A state pretrial detainee is entitled to raise constitutional claims in a § 2241 proceeding if two requirements are satisfied. First, the petitioner must be in custody. See 28 U.S.C. § 2241(c); Dickerson, 816 F.2d at 224. Craig, who remains incarcerated at Caddo Correctional Center on the pending criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. See Dickerson, 816 F.2d at 224. State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 489–92 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. See Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985). In Louisiana, this requires that the claims be presented to the Louisiana Supreme Court in a procedurally proper manner. See Deters, 985 F.2d at 795; Procunier, 762 F.2d at 432.

Craig alleges that he filed a habeas petition in the state court—which was denied—and appealed the denial in the trial court. (Doc. 1, p. 6). However, a district

2

court's denial of a habeas petition is only reviewable by the appropriate court of appeal through a supervisory writ. See La. C. Cr. P. art. 369; Madison v. Ward, 00–2842 (La. App. 1st Cir. 7/3/02), 825 So.2d 1245, 1250 (en banc); Bernard v. Louisiana Dept. of Public Safety and Corrections, 2000–1912 (La. App. 1 Cir. 9/20/02), 843 So.2d 413. Thereafter, a state habeas petitioner must seek further review in the Louisiana Supreme Court. Craig did not seek review in the Louisiana Second Circuit Court of Appeal or the Louisiana Supreme Court. Therefore, his claim is not exhausted.

A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." Deters, 985 F.2d at 795 (citations omitted). "[D]erailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. See Braden, 410 U.S. at 493.

Craig does not allege—and the jurisprudence does not indicate—that he fully exhausted his claims through the Louisiana Supreme Court. Nor has Craig shown that he should be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion in his ongoing state court proceeding. Accordingly, pretrial habeas interference by this Court is not permitted. See Braden, 410 U.S. at 493.

### III. Conclusion

Because Craig's claim is not exhausted, IT IS RECOMMENDED that the § 2254 Petition (Doc. 1), construed under § 2241, be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of June, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge